UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20660-BLOOM/Louis

ZAVIER GARDINER,

    Plaintiff,
v.

WILLIAM BARR, in his official capacity,
ALDO MARTIN, in his official capacity,
JOHN KELLY,

    Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Proceed *in Forma Pauperis*, ECF No. [3] ("Motion"). The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n. 1 (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

Case No. 1:20-cv-20660-BLOOM/Louis

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for § 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The § 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp*, 798 F.2d at 437 ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court."); *Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Here, Plaintiff has failed to satisfy the requirement of poverty for purposes of § 1915. The Motion simply represents that Plaintiff is indigent, has been in continuous custody, and has no means or ability to pay any of his legal fees, charges, cost[s], or disbursements necessary to commence and prosecute this action. ECF No. [3] at 1. The Motion does not attach any actual financial information that enables the Court to assess Plaintiff's representations. Significantly,

Case No. 1:20-cv-20660-BLOOM/Louis

Plaintiff has not attached to the Motion either a long form application to proceed without prepaying fees or costs, form AO 239, nor a short form application to proceed without paying fees or costs, form AO 240. Each of these forms contains categories of information that enables the Court to assess whether proceeding *in forma pauperis* is appropriate. Because the Motion does not contain any specific information regarding Plaintiff's financial condition, the Court cannot determine at this time whether Plaintiff is able to pay the required filing fee required for indigent status us section 1915.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED**. On or before **March 2, 2020**, Plaintiff shall either pay the full filing fee of $400.00 or shall complete and file with this Court either the short form or the long form application (AO 239 or AO 240) to proceed without payment of fees. Plaintiff is cautioned that failure to comply with this Order will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Zavier Gardiner
201577454
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327