UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20660-BLOOM/Reid

ZAVIER GARDINER,

    Plaintiff,

v.

WILLIAM BARR, in his official capacity,
ALDO MARTIN, in his official capacity,
JOHN KELLY,

    Defendants.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS – 28 U.S.C. § 2241

**THIS CAUSE** is before the Court upon Petitioner's, Gardiner Zavier[1] ("Petitioner"), Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, ECF No. [1] ("Petition").[2] The Court has carefully considered the Petition, the record in this case, and is otherwise fully advised. For the reasons that follow, the Petition is denied.

### I. INTRODUCTION

Petitioner is a native and citizen of Turks and Caicos Islands. While housed at the Krome Service Processing Center in Miami, Florida, he filed this *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. §§ 2241-43, challenging his continued detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), since September 25, 2019.

---

[1] The Court notes that there is a discrepancy between Petitioner's name as reflected in the Petition and in certain filings, Gardiner Zavier, and his name as reflected throughout the docket and in other filings, Zavier Gardiner.

[2] The Court had previously referred the matter to Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. *See* ECF No. [2]. The Court withdraws the reference and addresses the merits of the motion here.

*See* ECF No. [1] at 3. Petitioner argues that he is being unlawfully and indefinitely detained pending his removal to the Turks and Caicos Islands. As relief, he seeks an Order directing the respondents to immediately release him from custody with reasonable conditions of supervisions. *Id.* at 3, 7.

## II. LEGAL STANDARD

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. *See* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed unless it appears from the application that the person detained is entitled to the relief); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Through this lens, the Court addresses the instant Petition. No order to show cause has been issued because on the face of the Petition it is evident Petitioner is not entitled to relief. By Petitioner's own admission, he is "in custody" for purposes of § 2241 review because he is subject to a final order of removal. ECF No. [1] at 3.

## III. DISCUSSION

Petitioner, a native and citizen of Turks and Caicos Islands, arrived in the United States on April 18, 1995. ECF No. [1] at 3. He was taken into custody on September 25, 2019. *Id.* Petitioner maintains that he received a final order of removal on November 4, 2019. *Id.* After his ninety-day review, Petitioner remains detained while awaiting deportation. *Id.* He maintains he has fully cooperated with ICE officials in their efforts to remove him from the United States. *Id.* Petitioner

signed the Petition on or about February 9, 2020. *See id*. at 7; ECF No. [3] at 2. As of the filing of his habeas petition, Petitioner claims he has not been repatriated and he seeks removal or release with conditions. *Id.*

When an alien is ordered removed, the Attorney General must remove the alien from this country within a period of ninety days. 8 U.S.C. § 1231(a)(1)(A). During this ninety-day period, the alien remains in custody. *See* 8 U.S.C. § 1231(a)(2).

The initial removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). However, certain removable aliens may be detained beyond the ordinary ninety-day removal period. *See* 8 U.S.C. § 1231(a)(6); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). The Attorney General may detain an alien, "who has been determined . . . to be a risk to the community or unlikely to comply with the order of removal," beyond the initial ninety-day period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court concluded that 8 U.S.C. § 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. *Id.* at 689, 696-99. Although an alien can be detained during the ninety-day removal period contemplated by the statute, the alien can be held for only a reasonable period after that. *Id.* at 699-701. The Court explained that the statute contains an implicit temporal limitation on the government's authority to detain aliens and that the total reasonable period of detention (including

the ordinary ninety-day removal period under § 1231(a)(1)-(2))[3] is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Thus, to be granted relief from a post-removal order of detention pursuant to *Zadvydas*, a petitioner must first show that he has been detained beyond the presumptively reasonable six-month period to detain a removable alien. *See id.* at 699-701. *See also Akinwale*, 287 F.3d at 1051-52. Second, a petitioner must also provide good reason to believe that there is no significant likelihood of removal in the foreseeable future. *Zadvydas*, 533 U.S. at 698-701; *Akinwale*, 287 F.3d at 1052. The Eleventh Circuit in *Akinwale* held that to state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the alien filed his § 2241 petition, and that the petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 287 F.3d at 1052. In that case, the Eleventh Circuit affirmed the district court's adoption of the magistrate judge's recommendation that the petition should be dismissed without prejudice because the alien filed it prematurely. *Id.*

Here, Petitioner filed this Petition on or about February 9, 2020, when he signed it and had it mailed to the Clerk of Courts and others.[4] Petitioner has not shown that the required six months under *Zadvydas* had elapsed at the time he filed this Petition. *See Akinwale*, 287 F.3d at 1051-52; *see also Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) (stating that preventing one's removal has a tolling effect on the *Zadvydas* period). The removal period began

---

[3] "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052.

[4] The docketing date reflects that the Petition was filed and entered onto the docket on February 13, 2020.

when the immigration judge issued the order of removal on November 4, 2019. 8 U.S.C. § 1231(a)(1)(B)(i). This date generated an initial ninety-day statutory removal period that expired on February 2, 2020, and the additional ninety-day period is set to expire on May 2, 2020. Approximately four and a half months had elapsed between the time he was taken into custody on September 25, 2019 and the time he filed the instant Petition. Therefore, because the Petition was filed before the six-month removable period had expired, it is due to be dismissed without prejudice as it is premature at this time.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Referral of the matter to Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters, **ECF No. [2]**, is **WITHDRAWN**;
2. Petitioner's Petition for a Writ of Habeas Corpus, **ECF No. [1]**, is **DISMISSED without prejudice**;
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
4. The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Zavier Gardiner
201577454
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327